IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

JULIE WARKINS, DAN WILLIAMS, and )
ADVANCED CORRECTIONAL )
HEALTHCARE, INC., )
                                      )
      Petitioners, )
                                        )   Cause No.: _____
v. )
                                        )
AARON PIERCY, ADMINISTRATOR OF )
THE ESTATE OF DALE PIERCY, )
                                        )
      Respondent. )

## MOTION TO QUASH OUT OF STATE SUBPOENAS

COME NOW Petitioners, Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, inc., by and through undersigned counsel, and for their Motion to Quash Out of State Subpoenas, state as follows:

1.      The U.S. District Court for the Northern District of Illinois, in Case No. 14-CV-7398, allowed The Estate of Dale Piercy to issue subpoenas to nine (9) Missouri organizations, of which, five (5) are located within the jurisdiction of this Court (Cape Girardeau County Sheriff's Department, Crawford County Sheriff's Department, Phelps County Sheriff's Department, Randolph County Sheriff's Department, and Washington County Sheriff's Department).

2.      Petitioners (who are Defendants in the Illinois action) move that the subpoenas set forth below be quashed or referred pursuant to Fed. R. Civ. P. 45(f) to the Northern District of Illinois from which they were served.

3.      Aaron Piercy's suit arises from the death of his father, Dale Piercy, in the Illinois Department of Corrections ("IDOC").  Dale Piercy was detained at the Whiteside County,

3556.48

Illinois Jail for approximately 14 days.  Plaintiff (respondent herein) contends that Dale Piercy

reported vomiting blood at the jail, but was given only over-the-counter medication for acid

reflux.  The Whiteside County Defendants contend that he did not report vomiting blood, but

only complained of a history of acid reflux and was given appropriate medication.  Piercy was

transferred to Stateville NRC and passed away 15 days later.  Plaintiff contends that the decedent

complained of vomiting blood throughout his incarceration at the IDOC, but the IDOC

Defendants have no record or recollection of any such complaints.  Plaintiff claims that Dale

Piercy died of an untreated gastrointestinal bleed.

     4.     In addition to negligence and individual §1983 claims against the healthcare

providers, Plaintiff (respondent herein) asserted a *Monell* claim against Advanced Correctional

Healthcare ("ACH").  ACH had a contract to provide medical services at Whiteside County Jail

and employed the nurse and physician assistant who serviced that facility.  This is a fairly

straightforward §1983 claim for deliberate indifference, but Plaintiff is using the *Monell* claim as

an excuse to drive costly and burdensome discovery.

     5.     Plaintiff's discovery requests to the ACH defendants to date beyond ACH's Rule

26 disclosures include six requests for production totaling 100 separate requests, four sets of

interrogatories, and three requests to admit.

     6.     In the past few weeks, Plaintiff (respondent herein) issued subpoenas to 83

facilities in ten states and fourteen federal court districts where ACH contracted to provide

medical services, as follows:

          They served 20 counties on April 29:

               Cedar Co, IA, Attn:  Brenda Johnson
               Clayton, IA, Attn: Tori, dispatch department
               Itasca, MN, Attn: Leah Gustafson, Civil Process Division
               Lee Co., IL, Attn: Jack Skorgstad

Louisa Co., IA, Attn: Christie Palmer
Mercer Co, IL, Atty: Sheriff Staley
Muscatine Co., IA, Attn:  Brenda Eagle
Whiteside Co. IL, Attn:  Tim Erickson
Bond Co., IL, Attn: Mary Essenpries
Douglas Co., IL, Attn: Sandra Decker
Franklin Co., IL, Attn: Julie Mabry
Grundy Co., IL, Attn: Ken White
Jefferson Co., IL, Attn: Capt. James Mount
Marion Co., IL, Attn: Carrie Smith
Morgan Co., IL, Attn: Sheriff Randy Duvdendack
Moultrie Co., IL, Attn: Sheri Wahner
Platte Co., IL, Attn: Jackie Carr
Saline Co., IL, Attn:  Misty Wilkerson
Sangamon Co., IL, Attn: Brenda James
Poweshieck Co, IA, Attn:  Jail Civil Division

They served the following 17 counties on May 9:

Renville, MN, Attn:  Ned Wohlman
Nicollett, MN, Attn: Joel Polzin
Madison, AL, Attn:  Troy Fulk
Rice, MN, Attn: Jake Marnienko
Morgan, IN, Attn:  David Rogers
Instanti, MN, Attn: Capt. Valentine
Winona, MN, Attn: Steve Buswell
Meeker, MN, Attn: Joshua Berg
McLeod, MN, Attn:  Katie Jones
Faribault, MN, Attn:  Joe Anderson
Kanabec, MN, Attn: Terry Wactler
Benton, NE, Attn: Sheriff Heck
Jefferson, NE, Attn:  Sheriff Sorenson
Knox, IL, Attn:  Louis Glossip
Hall, NE, Attn:  Todd Bahensky
Wayne, IN, Attn:  Capt. Brotz
Grant Co., KY, Attn:  Lt. Wilson

On May 10, they served five more subpoenas:

Mower, MN, Attn:  Bob Roach
Steele, MN, Attn:  Jen Pfeifer
Wabasha, MN, Attn:  Charlene Rickard
Woodbury, IA, Attn:  Lt. Lynette Phillips (Western Division)
Sheboygan, WI, Attn:  Capt. Paul Brinkman

On May 11, they served one more subpoena:

3556.48

Goodhue Co., MN, Attn:  Capt. Brian Coleman

On May 24, they served 30 more subpoenas:

      Carol, IN
      Tippecanoe, IN
      Ripley, IN
      Porter, IN
      Parke, IN
      Jasper, IN
      Franklin, IN
      Fayette, IN
      Delaware, IN
      Dearborn, IN
      Boone, IN
      Martin, IN
      Cass, IN
      Switzerland, IN
      Wells, IN
      Warren, IN
      Montgomery, IN
      Union, IN
      Tipton, IN
      Putnam, IN
      Hendricks, IN
      Clay, IN
      Posey, IN
      Jefferson, IN
      Knox, IN
      Coles, IL
      Woodford, IL
      Peoria, IL (Juvenile)
      Peoria, IL (Adult)
      Livingston, IL

On May 27 plaintiff issued ten more subpoenas to the sheriffs of the following counties (to replace subpoenas issued on May 25 without notice):

      Phelps, MO
      Buchanan, MO
      Cape Girardeau, MO
      Crawford, MO
      Miller, MO
      Pettis, MO
      Phelps, MO

3556.48

Randolph, MO
Washington, MO
Kenosha, WI

7.      The subpoenas in this matter requested the following documents:

a.      All marketing, advertising, or promotional materials, including, but not limited to pamphlets, brochures, and power point presentations, provided or sent to the [County Name[ County Sheriff's Office, [County name] County Jail, or any employee of the [County name] County Sheriff's Office by ACH.

b.      A copy of any contract between the County, Jail or Sheriff, and ACH.

c.      Documents sufficient to show the names and any offers, bids, or marketing materials provided by competing medical care providers at or around the time the County elected to contract with ACH.

d.      A copy of the minutes of any County Board Meeting at which any contract with ACH was discussed.

8.      Of the subpoenas served by the plaintiff (respondent herein) listed in paragraph 6 above, five are located within the jurisdiction of this court, to wit:

a.      Cape Girardeau County, see Exhibit 1,

b.      Crawford County, see Exhibit 2,

c.      Phelps County, see Exhibit 3,

d.      Randolph County, see Exhibit 4,

e.      Washington County, see Exhibit 5.

9.      Petitioners respectfully request that this Motion to Quash be referred to District Judge Pallmeyer in the Northern District of Illinois to be consolidated with the other Motions to Quash being filed contemporaneously with this motion, so that they can be decided together and

3556.48

consistently.  Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").

10.     It is in the interest of judicial economy that these motions be heard and decided by the District Judge who is overseeing this litigation, as the objections relate to the proper scope of the litigation for this case.

11.     As the Committee Notes recognize, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Fed. R. Civ. P. 45 (Committee Notes – 2013 Amendment).

12.     In *Cont'l Auto. Sys., U.S., Inc. v. Omron Auto. Elecs., Inc*., No. 14 C 3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014), the Plaintiff issued a subpoena to a non-party competitor in a patent case, seeking proprietary and technical information about the defendant. The court, when deciding whether to transfer the motion to quash to the Michigan court where the case was pending, noted that the determination of whether the plaintiff is entitled to the discovery, "that is, whether it is relevant to a claim or defense in the Michigan litigation—is inextricably bound up with the merits of that litigation." Delving into the merits of the litigation in the Eastern District of Michigan would disrupt that court's management of the case and a ruling may be inconsistent with the rulings underlying case. As with Piercy's subpoenas, ordering compliance with the subpoena involved "far more than merely ordering discovery of matters that are connected perhaps only loosely to the case, pending elsewhere. Generally, in that context, courts must be 'especially hesitant to pass judgment on what constitutes relevant evidence.' …Accordingly, this matter is transferred to the issuing court for resolution." Similar

concerns are present here and the motion should be transferred to the Northern District of

Illinois, Case No. 14-cv-7398, *Piercy v. Wilhelmi et al.* for resolution.

13.     In the alternative, Petitioners request that the Court quash the subpoenas as

beyond the reasonable scope of discovery and disproportionate to the needs of the case.

14.     The scope of material obtainable by a Rule 45 subpoena is as broad as permitted

under the discovery rules.  *See Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D.Ind. 1993)

("[t]he scope of material obtained by a Rule 45 subpoena is as broad as permitted under the

discovery rules … if the material is relevant, no privileged, and is, or is likely to lead to,

admissible evidence, it is obtainable by way of a subpoena.")  (internal citations omitted);

Fed.R.Civ.P. 45 advisory committee note to the 1991 amendment.

15.     "Parties may obtain discovery regarding any non privileged matter that is relevant

to any party's claim or defense *and proportional to the needs of the case*…" Fed. R. Civ. P.

26(b)(1) (emphasis added).

16.     "Thus the spirit of the rules is violated when advocates attempt to use discovery

tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of

discovery…All of this results in excessively costly and time-consuming activities that are

disproportionate to the nature of the case, the amount involved, or the issues or values at stake."

Fed. R. Civ. P. 26 (Advisory Committee Notes, 1983 Amendments).

17.     "Rule 26(b)(1) has been amended to add a sentence to deal with the problem of

over-discovery.  The objective is to guard against redundant or disproportionate discovery by

giving the court authority to reduce the amount of discovery that may be directed to matters that

are otherwise proper subjects of inquiry".  Fed. R. Civ. P. 26, Notes of Advisory Committee

Notes, 1983 Amendments (Subdivision (b)).  The Committee noted that the revision was

intended "to deal with the problem of over-discovery.  The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry."  *Id*. That revision evidently failed to achieve the goals of reducing "over-discovery" and, perhaps in part due to the 1983 Amendments.  The 2015 Amendment "restores the proportionately factors to their original place in defining the scope of discovery."  *Id*.

18.     The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Wauchop v. Domino's Pizza, Inc*., 138 F.R.D. 539, 543 (N.D.Ind.1991). Under Rule 26(b)(2), the Court must weigh the burden or expense of proposed discovery and its likely benefit by taking into account "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Simon Property Group L.P. v. mySimon, Inc*., 194 F.R.D. 639, 640 (S.D.Ind.2000) (Hamilton, J.).

19.     The requests are for not only contracts, but the minutiae of bidding and negotiation, including all documents pertaining to competing bids and minutes of meetings in which they were discussed. The subpoenas were served in dozens of counties over several states. The requests are not proportional to the needs of the case and seek information which is almost entirely irrelevant. The relevant question for the purposes of the *Monell* claim is what the custom and practice was at the Whiteside County Jail in Illinois, not the varied policies and practices of dozens of jails across the country where Advanced Correctional Healthcare happens to contract to provide medical care. Marketing materials, contract bidding documents, and council meeting minutes are irrelevant to ACH's policies regarding medical care in Whiteside County, IL. For example, the Seventh Circuit noted that "in order to maintain an action against Advanced

Correctional Health Care, Inc. or Peoria County, the plaintiff must show that PCJ's [Peoria County Jail's] healthcare policy was a 'moving force' behind Taylor's death or needless suffering." *Gayton v. McCoy*, 593 F.3d 610, 622 (2010) (emphasis added; rejecting a *Monell* claim against ACH). While the question of policies other jails was not directly presented, it is clear from this comment that the Court was concerned about the policy at this particular jail, not at other facilities. With respect to another correctional medical provider, the Seventh Circuit held that "An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice ex rel. Rice v. Corr. Med. Services*, 675 F.3d 650, 675 (7th Cir. 2012) (affirming summary judgment on *Monell* claim against correctional medical contractor). Counsel has not located any cases where an unconstitutional policy was established by reference to marketing materials, contracts, or similar materials for facilities other than the one where the incident occurred.

20.     Trial counsel for these petitioners in the underlying Northern District of Illinois case has attempted to confer with counsel for plaintiffs (respondents herein) to attempt to resolve the discovery disputes.

WHEREFORE, Petitioners, Julie Warkins, Dan Williams, and ACH, respectfully pray that the Court enter an Order granting this motion, quashing the subpoenas identified above or transferring the motion to the Northern District of Illinois, Case No. 14-cv-7398, *Piercy v. Wilhelmi, et al.,* for resolution, that they have their costs and attorney's fees, and for such other and further relief as the Court deems just.

3556.48

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
8000 Maryland Ave., Ste. 1300
St. Louis, MO 63105
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Local Counsel for Petitioners Julie Warkins, Dan Williams, and ACH.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed via first class U.S. Mail, postage prepaid to the deponents and electronically sent via e-mail to counsel on this 1st day of June, 2016:

Phelps County Sheriff's Office
Matt Schultz
500 W. 2nd Street
Rolla, MO 65401
*Deponent*

Cape Girardeau County Sheriff's Department
James Mulcahy, Captain
216 N. Missouri
Jackson, MO 63755
*Deponent*

Crawford County Sheriff's Department
Randy Martin, Sheriff
P.O. Box BE
Steeleville, MO 65565
*Deponent*

Randolph County Sheriff's Department
Mark Nichols, Sheriff
372 Highway JJ
Huntsville, MO 65259
*Deponent*

Washington County Sheriff's Department
Andy Skiles, Sheriff
116 West High Street
Potosi, MO 63664
*Deponent*

3556.48

**Michael Kanovitz**
**Vincenzo Field**
**Gretchen Helfrich**
**Sarah Grady**
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, IL 60607
michael@loevy.com
vince@loevy.com
gretchen@loevy.com
sarah@loevy.com
*Attorney for Respondent herein and Plaintiff Aaron Piercy in Cause No. 14-CV-7398, USDC, NDIll.*

**Gerard Cook**
**Bhairav Radia**
**Katharine P.A. Smeenk**
**Daniel Corbett**
O'Halloran, Kosoff, Geitner, & Cook, LLC
650 Dundee Rd., Suite 476
Northbrook, IL 60062
gcook@okgc.com
bradia@okgc.com
ksmeenk@okgc.com
dcorbett@okgc.com
*Attorneys for Defendant Kelly Wilhelmi in Cause No. 14-CV-7398, USDC, NDIll.*

**Lyle K. Henretty**
**Jennifer M. Lutzke**
Office of the Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601
lhenretty@atg.state.il.us
jlutzke@atg.state.il.us
*Attorneys for IDOC Defendants in Cause No. 14-CV-7398, USDC, NDIll.*

**Michael R. Slovis**
**Kenneth Seale**
Cunningham, Meyer & Vedrine, P.C.
One E. Wacker Dr., Suite 2200
Chicago, IL 60601
mslovis@cmvlaw.com
kenneth@cmvlaw.com
*Attorneys for Defendants Wexford Health Sources, et al. in Cause No. 14-CV-7398, USDC, NDIll.*

3556.48

**Peter R. Jennetten**
Quinn, Johnston, Henderson, Pretorius, & Cerulo
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211
pjennetten@quinnjohnston.com
*Attorney for Defendants/Petitioners Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, Inc. in Cause No. 14-CV-7398, USDC, NDIll.*


/s/ Janice Gallaher

3556.48