# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JULIE WARKINS, DAN WILLIAMS and ADVANCED CORRECTIONAL HEALTHCARE, INC., | )<br>)<br>) |
| Petitioners, | ) |
| v. | ) No. 4:16-mc-00324 JAR |
| AARON PIERCY, ADMINISTRATOR OF THE ESTATE OF DALE PIERCY, | )<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This miscellaneous matter is before the Court on Petitioners' Motion to Quash Out of State Subpoenas. (Doc. No. 1) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

The subpoenas at issue relate to a § 1983 action pending in the United States District Court for the Northern District of Illinois, Case No. 14-CV-7398, *Piercy v. Wilhelmi, et al.* Plaintiff Aaron Piercy (Respondent herein), as administrator of the estate of his father Dale Piercy, alleges his father died as a result of Defendants' deliberate indifference to his medical needs while detained at Whiteside County Jail in Morrison, Illinois, and then at Stateville Northern Reception Center in Crest Hill, Illinois. Respondent filed this action against numerous Defendants, including Advanced Correctional Healthcare ("ACH"), an Illinois corporation that provides healthcare services to the Whiteside County Jail on behalf of the Whiteside County Sheriff's Department, and Julie Warkins and Dan Williams, both employed by ACH at the

Whiteside County Jail as, respectively, a licensed practical nurse and a physician's assistant (Petitioners herein). The operative complaint alleges, *inter alia*, that ACH had a *de facto* policy and practice at the Whiteside County Jail of providing deliberately indifferent health care, as evidenced by failing to adequately train, supervise, or control its medical staff, by permitting its staff routinely to fail to properly respond to and treat serious medical conditions, and by failing to adequately punish or discipline acts of health care misconduct. (Fourth Amended Complaint, Doc. No. 250 at ¶¶ 49-55)

In furtherance of his Monell claim[1] against ACH, Respondent has issued subpoenas to 110 facilities located in over ten states where ACH contracted to provide medical services seeking the following records:

1. All marketing, advertising, or promotional materials, including but not limited to pamphlets, brochures, and power point presentations, provided or sent to the [County name] County Sheriff's Office, [County name] County Jail, or any employee of the [County name] County Sheriff's Office by [ACH].

2. A copy of any contract between the County, Jail, or Sheriff, and ACH.

3. Documents sufficient to show the names and any offers, bids, or marketing materials provided by competing medical care providers at or around the time the County elected to contract with A.CH.

4. A copy of the minutes of any County Board Meeting at which any contract with ACH was discussed.

(See Doc. Nos. 1-1, -2, -3, -4, -5) Five such subpoenas were served on county jails located within the jurisdiction of this Court, namely, Cape Girardeau County, Crawford County, Phelps County, Randolph County, and Washington County. None of the jails filed objections or motions to

---

[1] Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658 (1978).

quash the subpoenas and, in fact, Cape Girardeau County Jail has responded to the subpoena, and copies of the documents it provided have been disclosed to Petitioners. (See Doc. No. 4 at 2, 8)

Petitioners move that the subpoenas either be quashed or referred to the Northern District of Illinois for resolution by the issuing court pursuant to Federal Rule of Civil Procedure 45(f). (Doc. No. 1 at ¶ 2) Respondent opposes the motion to quash, asserting that Petitioners lack standing under Rule 45 to challenge subpoenas directed at nonparties. (Doc. No. 4 at 4-6) Moreover, even if Petitioners have standing, their motion lacks merit because the subpoenas seek information relevant to Respondent's claims and do not impose an undue burden. (Id. at 6-9)

Petitioners have filed similar motions to quash in the underlying § 1983 litigation in the Northern District of Illinois, see Motion to Quash Subpoenas, *Piercy v. Wilhelmi*, Case No. 1:14-CV-07398 (N.D. Ill. May 13, 2016) (ECF No. 267) and Motion for Protective Order, *Piercy v. Wilhelmi*, Case No. 1:14-CV-07398 (N.D. Ill. May 19, 2016) (ECF No. 273); and in miscellaneous actions in the Northern District of Alabama, see Motion to Quash Subpoena and Motion to Transfer, *Piercy v. Wilhelmi*, No. 5:16-mc-0788-VEH (N.D. Ala. May 12, 2016) (ECF No. 1); Central District of Illinois, see Motion to Quash Subpoenas, *Piercy v. Wilhelmi*, No. 16-mc-1008 (C.D. Ill. May 12, 2016) (ECF No. 1) and Supplement to Motion to Quash Subpoenas, *Piercy v. Wilhelmi*, No. 16-mc-1008 (C.D. Ill. May 26, 2016) (ECF No. 5); District of Minnesota, see Motion to Quash Subpoenas, *Piercy v. Wilhelmi*, 16-mc-33-PJS-KMM (D. Minn. May 12, 2016) (ECF No. 1); and Southern District of Indiana, see Motion to Quash Out of State Subpoenas, *Warkins v. Piercy*, No. 1:16-mc-00034-SEB-DML (S.D. Ind. May 12, 2016) (ECF Nos. 1) and Supplement to Motion to Quash Out of State Subpoenas, *Warkins v. Piercy*, No. 1:16-mc-00034-SEB-DML (S.D. Ind. May 26, 2016) (ECF No. 7). With the exception of the Southern District of Indiana, the district courts found no exceptional circumstances warranting

transfer under Rule 45(f) and further that Petitioners lacked standing to challenge the subpoenas. (See Doc. Nos. 4-2, -3, -4, -5) While none of these rulings are binding on this Court, the Court finds them persuasive.

**Discussion**

While motions to quash or modify a subpoena must be brought in the district where compliance is required, see Rule 45(d)(3), under Rule 45(f), the court may transfer a motion to quash to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. When considering transfer, the court's prime concern "should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45 (Advisory Committee Notes – 2013 Amendment). The Advisory Committee notes that transfer is appropriate only if the interest in avoiding disruption to the issuing court's management of the underlying ligation outweighs the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. (Id.)

Petitioners contend that exceptional circumstances warrant transfer here, as their objections to the subpoenas "relate to the proper scope of the litigation for this case." (Doc. No. 1 at ¶ 10) However, as noted by Respondent, the issuing court to which Petitioners seek transfer has already resolved this issue against them by denying their motion to quash. (See Doc. No. 4-5) Further, there is no indication of any burden placed on the local nonparty subjects of the subpoenas; the fact that one of the jails has already responded to the subpoena suggests there is no undue burden. Accordingly, the Court finds no exceptional circumstances warranting transfer.

Turning to the merits of the motion to quash, Petitioners challenge the subpoenas as beyond the reasonable scope of discovery and disproportionate to the needs of the case. (Doc.

No. 1 at ¶¶ 13, 18-19) "In general, '[a] motion to quash or modify a subpoena . . . may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege[2] with respect to the subject matter requested in the subpoena.'" Boaz v. FE Express, LLC, No. 4:15-CV-1271 CAS, 2016 WL 2733121, at *1 (E.D. Mo. May 11, 2016) (quoting Mayhall v. Berman & Rabin, P.A., 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013)); see also 9 James Wm. Moore, et al., Moore's Federal Practice § 45.50[3] (3d ed. 2014) ("When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty. In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena."); Shukh v. Seagate Tech., LLC, 295 F.R.D. 228, 235-36 (D. Minn. 2013) (citing cases); Nat'l Ben. Programs, Inc. v. Express Scripts, Inc., No. 4:10CV00907 AGF, 2011 WL 6009655, at *3 (E.D. Mo. Dec. 1, 2011). Because Petitioners are not the subject of the challenged subpoenas and have made no showing of a personal right or privilege relating to the discovery being sought, the Court finds they lack standing to bring a motion to quash.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioners' Motion to Quash Out of State Subpoenas [1] is **DENIED**.

Dated this 12th day of July, 2016.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Respondent argues that any invocation of the personal privilege exception by Petitioners would fail because the subpoenaed documents are all public records subject to disclosure under Missouri's Sunshine Law, Mo. Rev. Stat. § 610.010. (Doc. No. 4 at 4, 8) Regardless, Petitioners have not asserted any personal right or privilege with respect to the documents requested in the subpoenas.